### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JESSE LEVERETT, ] | |
| ] | |
| Movant, ] | |
| ] | |
| vs. ] | CV-06-RBP-RRA-8020-S |
| ] | CR-03-RBP-RRA-0401-S |
| ] | |
| ] | |
| THE UNITED STATES OF AMERICA, ] | |
| ] | |
| Respondent. ] | |

### MEMORANDUM OPINION

The movant initiated this action on October 24, 2005, by filing a "Motion for Review of Sentencing Guidelines under U.S.S.G. Sec 101, 11(b)(1) and also Objection to the Sentencing Range Applied by the Assistant U.S. Attorney" in his criminal case. By order entered May 8, 2006, Leverett was advised that the court was treating the motion as a § 2255 motion to vacate. He was informed that "this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Castro v. United States*, 540 U.S. 375, 383 (2003). Due to the recharacterization of his motion and the implications of that recharacterization, the movant was allowed time in which to "withdraw the motion or to amend it so that it contain[ed] all the § 2255 claims he believes he has." *Id*. Leverett was allowed until May 29, 2006, to withdraw his motion or to amend it to contain all the claims he believes he has. He was advised that if he failed to amend or withdraw his motion by May 29, 2006, the court would assume that he intended to proceed with his current claims pursuant to § 2255.

When Leverett failed to comply with the May 29, 2006 deadline, the court concluded that

he did not intend to withdraw or amend his motion. Thereafter, on June 7, 2006, the magistrate judge entered a report and recommendation, recommending that this § 2255 motion to vacate be denied because it is barred by the statute of limitations. On June 12, 2006, the movant filed a "Brief in Support of Petitioner's 28 U.S.C. § 2255 Motion to Vacant [sic], Set Aside or Correct an Illegal Conviction and Sentence Conjoined with F.R.Civ.P. Rule 60(A)(B) one (1) through six(6)," raising additional claims.

On June 22, 2006, the movant filed objections to the report and recommendation. In his objections, Leverett argues that his motion should not be barred by the statute of limitations because his brief was late due to no fault of his own. However, the fact that Leverett's brief, in which he raised additional claims, arrived several days late had nothing to do with the fact that the motion itself is barred by the statute of limitations. The motion is barred by the statute of limitations because the motion itself was not filed for more than eight months after the limitations period expired.

The movant further argues that he should be allowed to file a late or delayed motion because he has been declared legally blind in both eyes; he is not well-learned in state or federal law; and he cannot get "legal persons" to assist him. The Eleventh Circuit Court of Appeals has held that the statute of limitations enacted by the AEDPA was intended to be an ordinary statute of limitations and not a jurisdictional bar. *Helton v. Secretary for Dept. of Corrections*, 233 F.3d 1322, 1324 (11th Cir. 2000).

> It is by now clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton*, 259 F.3d at 1312. Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)), it is "appropriate when a

> movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").
>
> In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.

*Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002). Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling. *See, e.g., Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004) (limitations period not equitably tolled during period when prisoner was transferred to another facility and did not have access to his papers); *Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698 (11th Cir. 2004) (holding that lapse of 532 days, 258 days before filing first federal petition and 274 days before filing second federal petition, constitutes lack of due diligence); *Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (limitations period not equitably tolled based on prison lockdowns and misplacement of legal papers); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling).

Leverett claims that he is entitled to equitable tolling because he has been declared legally blind in both eyes, he is not well-learned in state or federal law, and he cannot get "legal persons"

to assist him. However, the court notes that Leverett's legal blindness, lack of legal education, and difficulty in obtaining legal assistance have not prevented him from challenging his federal conviction and/or sentence on at least three other occasions in the past two years. The court finds that Leverett is not entitled to equitable tolling because he has not shown that his motion was untimely because of extraordinary circumstances that were both beyond his control and unavoidable with diligence.

Finally, Leverett contends that it would be a fundamental miscarriage of justice for the court to decline to review the merits of his motion. Neither the Eleventh Circuit Court of Appeals nor the United States Supreme Court has decided whether the fundamental miscarriage of justice exception can be used to avoid the bar of the statute of limitations. However, even assuming that it can, the movant has failed to establish that a miscarriage of justice would arise from this court's failure to consider his claims.

In order to meet the requirements of the "fundamental miscarriage of justice" exception, the petitioner must prove that he is "actually innocent" of the crime for which he was convicted. In *Schlup v. Delo*, 130 L. Ed. 2d 808 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 130 L. Ed. 2d at 836. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been

wrongfully excluded or to have become available only after trial."

*Id.* at 836-37 (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)).  Leverett has offered nothing to establish that he is actual innocent. Therefore, the fundamental miscarriage of justice exception could not be applied to him.

The court has considered the entire file in this action, together with the report and recommendation and the objections, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.  Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  The motion to vacate is due to be DENIED, because it is barred by the statute of limitations.  An appropriate order will be entered.

Done this 5th day of July, 2006.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**